# CASES

IN THE

# APPELLATE COURTS OF ILLINOIS.

## First District—March Term, 1899.

## D. J. Downey v. E. J. Abel.

1. INSTRUCTIONS—*Oral, by Agreement.*—Upon the trial of a cause by jury, the presiding judge said in the presence of the parties that "if agreeable, he would instruct the jury orally;" there was no objection, and he did so. As there was no reversible error in the instruction given, *it was held* proper.

Forcible Detainer.—Appeal from the Circuit Court of Cook County ; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1899. Affirmed. Opinion filed February 13, 1900.

D. J. DOWNEY, appellant *in personam*.

SAMUEL M. BOOTH, attorney for appellee.

MR. PRESIDING JUSTICE HORTON delivered the opinion of the court.

This is a suit in forcible detainer commenced by appellee before a justice of the peace in July, 1898, to recover from appellant possession of rooms in the Abel office building in this city. Judgment was rendered against appellant by the justice of the peace, and an appeal from such judgment was taken to the Circuit Court. A trial was there had before a jury, and a verdict returned against appellant.

Upon such verdict a judgment was entered in the Circuit Court, to reverse which this appeal is taken.

Twenty-six alleged errors are assigned, covering between five and six typewritten pages. We shall not attempt to consider them *seriatim*.

The case was upon the short cause calendar of the Circuit Court. When called for trial October 3, 1898, appellant moved the court to continue said cause for the reason that the attorney for appellant was engaged before another judge of said court in a designated case. Thereupon, as appears in the bill of exceptions (although no order in that regard was entered of record), the motion was "granted by the court and the case passed until" the attorney was released from the other court. Afterward, and the same day, but how long after does not appear, the case was again called for trial, and appellant again moved the court to continue for the same reason as before. Upon further inquiry it was shown to the court that the attorney had not been and was not engaged in the trial of the case designated; that said case was not being tried in the other court, and had not been called for trial. Thereupon, the motion to further continue the case was denied. That is here assigned and urged as error. There was no error in refusing such motion. If the court could have entered judgment, because of the imposition thus practiced upon it, and had it done so, it could not be properly claimed that the court had not done what was just right.

It does not appear that the lease of the premises in question was in writing. There was, therefore, no error in allowing witness to state the rate of rent per month.

Permitting testimony to be offered that certain things were stated at the trial before the justice of the peace which are not mentioned or referred to in the transcript of the justice, is not impeaching such transcript.

Appellee, when on the witness stand, was asked by his attorney to state what became of the so-called five days' notice and to state what it contained. Appellant's objection to that question was overruled. In his answer, appellee

stated that such notice was filed in the justice's court the day of the trial—that the justice accepted it as sufficient—that he (the witness) had made diligent search for it, and could not find it—that the justice said it was lost the day of the trial—and also stated contents of such notice. Appellant moved to strike out the entire answer. That motion was properly denied, for the reason that a part of the answer was competent testimony. A part of the answer was not competent, and had appellant moved to strike out that part, his motion should, and probably would, have been sustained. The trial court did not err in denying the motion as made.

There was no error in refusing the motion of appellant to instruct the jury to find the appellant not guilty.

The trial court said, that if agreeable to the parties, he would instruct the jury orally. It does not appear that there was any objection, and he did so instruct. It is now too late to urge that as being an error. And we see no reversible error in the instruction given by the court.

One of the grounds stated by appellant in his motion for a new trial, is that of newly discovered evidence. Four affidavits are filed with said motion for a new trial, as to what may be proved by certain witnesses. But there is no statement in the affidavits of appellant, or elsewhere, showing any diligence on the part of appellant to obtain the testimony of such witnesses. As to one of them, appellant says that he learned the address after the trial. It does not appear that he ever tried to find such address before the trial, or that there are not other witnesses by whom he could prove the same as by that witness. That is not sufficient. No diligence is shown.

There is no error apparent to us in any of the other points presented by appellant, which would justify a reversal of this case. Substantial justice has been done.

The judgment of the Circuit Court is affirmed.